UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GINA MARTIN | * | CIVIL ACTION NO. 2:24-cv-1645 |
| | * | |
| VERSUS | * | |
| | * | HON. LANCE M. AFRICK |
| MICAH CUNNINGHAM, | * | |
| THOMPSON CARRIERS, INC., | * | |
| AND NATIONAL INTERSTATE | * | MAG. KAREN WELLS ROBY |
| INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
***DAUBERT* MOTION TO EXCLUDE DAVID J. BARCZYK, D.C.**

**MAY IT PLEASE THE COURT:**

Defendants, National Interstate Insurance Company, Thompson Carriers, Inc., and Micah Cunningham ("Defendants"), through undersigned counsel, respectfully and timely submit the following *Memorandum in Support* of their *Motion to Exclude* the testimony, report, and opinions of Plaintiff's proffered expert, David J. Barczyk, D.C. ("Barczyk").

As established below, Barczyk is unqualified to offer opinions in the fields of medical causation and/or biomechanical engineering, and his methodologies are not sufficiently reliable. Additionally, Defendants have unequivocally stipulated to liability in this case [Rec. Doc. 29], and as a result, Barczyk should be precluded from offering testimony in the field of accident reconstruction. Finally, Barczyk's opinions are cumulative in multiple respects. As a result, Barczyk should be excluded altogether from testifying at trial under applicable evidentiary standards.

**BRIEF BACKGROUND**

The subject litigation arises from a January 17, 2023 motor vehicle accident that occurred on eastbound Interstate 10, near the Chef Highway exit in New Orleans [Rec. Doc. 1-4 at ¶ 4].

Trial is set to commence on June 30, 2025 [Rec. Doc. 26]. With respect to this *Motion*, Plaintiff has retained a chiropractor, David J. Barczyk, to render various opinions at trial.

Counsel for Plaintiff produced two reports from Barczyk, the first dated December 3, 2024 [*see* Exhibit "A"], and a supplement dated March 18, 2025 [*see* Exhibit "B"]. The supplemental report contains purported opinions regarding "accident reconstruction and safety discussion" [*Id.* at pp. 2-4] and "mechanism of injury" [*Id.* at pp. 4-5]. The report also makes clear that Barczyk intends to introduce opinions to the trier of fact regarding his "expert opinions … [regarding] principles of physics, [and] biomechanics" and his "training, education and experience as a chiropractic physician with additional training, education and experience in biomechanics and accident reconstruction." *Id.* at p. 6. The "Summary" section of Barczyk's report also contains extensive, conclusory, and unsupported statements regarding medical causation. *Id.* at p. 8.

Barczyk lacks the qualifications and expertise to render opinions regarding medical causation, for the various, extensive reasons discussed below. Additionally, on March 26, 2025, Defendants filed a *Judicial Liability Stipulation* which states, in part, the following:

> 1.
> That the motor vehicle accident that is the subject of this litigation, which occurred on January 17, 2023, was caused by the sole negligence and/or fault of Micah Cunningham, and further that Plaintiff, Gina Martin, has no fault, comparative or otherwise, for the referenced motor vehicle accident.
>
> 2.
> That Micah Cunningham was acting in the course and scope of his employment with Thompson Carriers, Inc. at the time of the referenced motor vehicle accident, and as such, Thompson Carriers, Inc. is vicariously liable for Micah Cunningham's negligence.

[Rec. Doc. 29]. As a result of Defendants' *Stipulation*, Barczyk should not be permitted to provide opinions regarding accident reconstruction, and his testimony should be excluded on this independent basis, as well.

**LAW AND ARGUMENT**

I. *Federal Rule of Evidence 702 and the Daubert Standard.*

Fed. R. Evid. 702 governs the admissibility of expert testimony and provides the following:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion of otherwise, if: (a) the expert's scientific, technical or other specialized knowledge would help the tier of fact to understand the evidence or to determine a fact and issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579; 113 S.Ct. 2786; 125 L. Ed. 469 (1993), the United States Supreme Court analyzed Rule 702 and concluded that the trial judge is required to ensure that a proffered expert's testimony is both reliable and relevant to the subject litigation. *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999), citing *Daubert*, 509 U.S. at 590-93; 113 S.Ct. at 2795-97. Pursuant to the *Daubert* decision, "reliability" refers to evidentiary reliability – trustworthiness, rather than scientific reliability which determines whether the application of the principle produces consistent results.

*Daubert* addresses evidentiary reliability which is paramount to trustworthiness, rather than what might be labeled as scientific reliability which addresses whether the application of one principle produces consistent results which is often a difficult distinction relative to admissibility. *Daubert*, 509 U.S. at 590; 113 S.Ct. at 2795. The Supreme Court identified several non-exclusive factors for determining whether scientific opinion testimony is sufficiently reliable and trustworthy to permit admission. *Daubert*, 509 U.S. at 594-95; 113 S.Ct. at 2796-97.

The non-exclusive factors for this determination are as follows: whether the expert's technique or theory can be, or has been tested; whether the theory has been subject to peer review and publication; the known or potential rate of error of a technique or theory when applied; the

3

existence and maintenance of standards and controls; and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269-275 (5th Cir. 1998).

The Supreme Court subsequently reviewed these issues in determining whether particular expert testimony is reliable, in the case of *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150-152; 119 S.Ct. 1167; 143 L.Ed.2d. 238 (1999). *Kumho* confirmed that the trial just has "considerable leeway" in each particular case, whether particular expert testimony is reliable. *Id.* at 150-152. The *Daubert* standard requires the trial court to assure itself that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho*, 526 U.S. at 152.

The party offering the expert opinion (in this case, Plaintiff) <u>must</u> show by a preponderance of evidence that the expert's testimony is reliable and relevant. *E.g., Mathis v. Exxon Corp.*, 302 F.3d 488, 459-60 (5th Cir. 2002). The reliability of the proffered expert testimony is "determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid." *E.g., Knight v. Kirby Island Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). Relative to these issues, courts in the Eastern District of Louisiana have noted: "<u>[t]o meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology … Rather, some objective, independent validation of the expert's methodology is required</u>." *E.g., Martinez v. Offshore Specialty Fabricators, Inc.*, No. 08-4224; 2011 WL 820313 at *2 (E.D. La. 3/2/11). [Emphasis added].

II.     **_Barczyk is Unqualified to Offer Opinion(s) on Medical Causation._**

As set forth above, Plaintiff has the burden of proving that Barczyk possesses the requisite qualifications to render expert opinions, and that those opinions are reliable, relevant, and admissible. *Mathis, supra,* 302 F.3d at 459-60.

In this case, Plaintiff seeks to introduce the testimony of Barczyk and qualify him as an expert in (among other things) biomechanical engineering and medical causation. *See* Exhibit "B" at pp. 6, 8. However, by his own admission, Barczyk is not a medical doctor or an engineer – he is a chiropractor. *See* Exhibit "B," Signature Page; https://bcgclinics.com/About/meet-the-chiropractors). Plainly, he is not qualified to offer expert opinions regarding medical causation. *E.g., State v. Baker*, 31,162 (La. App. 2 Cir. 10/28/98); 720 So. 2d 767, 774, *writ denied*, 99-0007 (La. 4/23/99); 742 So. 2d 880. [trial court ruled correctly in finding that a purported expert, who was self-employed as a consultant and registered nurse case manager (not a medical doctor), was unqualified to testify regarding the cause of an individual's death]. *See also, Chatelain v. Akin, infra.*

Louisiana courts routinely exclude proffered biomechanical experts from testifying as to medical causation of injury. *E.g., Blair v. Coney*, No. 2019-00795 (La. 4/3/20); 340 So. 3d 775; *Pollard v. 21st Century Centennial Ins. Co.*, No. 21-65 (La. App. 5 Cir. 12/23/21); 334 So. 3d 1013; *Parker v. NGM Insurance*, No. 15-2123; 2016 WL 3546325 at *9-10 (E.D. La. 6/23/16); *Breaud v. Werner Enters., Inc.*, No. 03-860 (M.D. La. 2006).

Defendants respectfully submit that Barczyk possesses inadequate qualifications to render medical causation opinions, and that he should not be permitted to do so at trial.

### III. *Additionally, Barczyk's Opinions are Unreliable.*

Barczyk should likewise be precluded to opine as an expert (or otherwise) regarding principles of biomechanics, because his methodologies are insufficient and decidedly unreliable. In his report, Barczyk writes in the "Methodology" section that he purportedly applied "principles of physics, biomechanics, occupational kinematics, and risk analysis" to reach his conclusion. Without providing even basic explanation, the "Summary" of his conclusions states the following as its underlying foundation:

> Based on my interview and examination of Ms. Martin, the police report, property damage analysis and estimates, conservation of linear momentum, Newton's laws, injury mechanism, the patient's medical records and prior condition (including evidence of tissue damage), Ms. Martin's cervical and lumbar spine injuries, as well as shoulder and foot injuries are causally related to the April 16, 2023 MVC. The collision produced an injury mechanism for Ms. Martin's brain as well. She currently has signs and symptoms of a concussion, indeed the aneurism she suffered is a form of brain injury. I recommend she follow up with a neurologist for further evaluation, specifically for the oculomotor and vestibular systems.

Exhibit "B" at p. 8. These unsupported theories do not meet the minimum standard for admissibility or acceptance of scientific acceptance under Rule 702.[1] As Justice Blackmon stated in *Daubert*: "Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry. *Daubert,* 113 S.Ct. at 2796.

Barczyk also lists dozens of references in an addenda to his report, yet the overwhelming majority of these works are not included in his actual report or incorporated into his analysis and/or methodologies. Even further, Barczyk states that various of Plaintiff's medical records were

---

[1] It should be further noted that, while his deposition transcript is presently unavailable, Dr. Alan Marr (deposed on April 8, 2025), the ER surgeon who <u>actually treated</u> Plaintiff for two days after the accident, testified unequivocally that Plaintiff's aneurism is congenital and wholly unrelated to the subject accident.

This testimony further attenuates Barczyk's medical causation opinions from reality and/or reliability.

"used" for Barczyk's evaluation. Exhibit "B" at p. 9. Yet, his report contains at most two paragraphs of text regarding Plaintiff's actual medical treatment. *Id.* at pp. 1-2. Again, Barczyk is not a medical doctor. And the very first page of his report indicates that Plaintiff "presented to [his] office" on a single occasion – November 12, 2024. These approaches and methodologies fall short of reliable science, or credibility. Barczyk's blanket conclusions are not falsifiable, and they are therefore the antithesis of science.

In *Chatelain v. Akin*, No. 15-5747; 2018 WL 3063118 (E.D. La. 2/26/18), the Honorable Susie Morgan excluded Barczyk relative to biomechanics, accident reconstruction, and medical causation. The basis for the decision was essentially the same as that argued above – Barczyk's opinion lacked reliable methodology or supportable analysis. The Court noted the following in the opinion: "This is [a medical causation] opinion specifically as to the cause of Plaintiff's particular injury, not merely a question of probability. Second, even if Dr. Barczyk's opinion were restricted to probabilities, he nevertheless fails to outline any methodology or analysis to support such an assertion." *Id.* at *5; *see also, Burgo v. Davis*, No. 15-2430; 2016 WL 3257589 (E.D. La. 6/13/26).

Respectfully, this Honorable Court should reach the same conclusions.

**IV.    <u>Barczyk's Testimony Should Also Be Excluded as Cumulative.</u>**

In Plaintiff's *Witness & Exhibit List*, she lists dozens of <u>actual</u> treating providers to be called at trial. [Rec. Doc. 31]. Likewise, voluminous medical records from numerous facilities and centers are itemized in the pleading. *Id.* In other words, Plaintiff apparently will call a number of individuals who <u>actually treated</u> Plaintiff since this accident, and presumably who will testify regarding medical causation.

As a result, Barczyk's testimony regarding medical causation is not only unsupportable, unreliable, and deficient in its underlying methodology, it is also cumulative of Plaintiff's treating

7

providers. Under applicable law, evidence is cumulative when it is "repetitious of evidence already introduced," and thus may be properly excluded. *E.g., Consol. Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir. 1983), *citing Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378 (5th Cir. 1969). The Eastern District of Louisiana has also noted that "cumulative evidence is that which replicates other admitted evidence." *Henson v. Odyssea Vessels, Inc.*, No. 07-613; 2008 WL 449726 at *1 (E.D. La. 2/15/08).

Respectfully, Barczyk's testimony should also be excluded on these independent grounds.

## CONCLUSIONS

For the reasons extensively set forth above (and on various, alternative grounds), Defendants, National Interstate Insurance Company, Thompson Carriers, Inc., and Micah Cunningham, respectfully request that this Honorable Court **GRANT** the instant *Motion*, excluding the opinions and testimony of David J. Barczyk, D.C. Alternatively, Defendants respectfully submit that Barczyk's testimony and opinions should be limited as this Honorable Court concludes is appropriate under applicable evidentiary and admissibility standards.

Respectfully submitted,

**PERRIER & LACOSTE LLC**


   */s/ Cory T. Stuart*
**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
Email:  cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANTS, MICAH CUNNINGHAM, THOMPSON CARRIERS, INC., AND NATIONAL INTERSTATE INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, email, first class postage prepaid, by hand delivery or by facsimile transmission, this 22nd day of April, 2025, at their last known address of record.

   */s/ Cory T. Stuart*
**CORY T. STUART, Esq. (Bar #33394)**