UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GINA MARTIN | CIVIL ACTION |
| VERSUS | No. 24-1645 |
| NATIONAL INTERSTATE INSURANCE COMPANY, ET AL | SECTION I |

ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by plaintiff Gina Martin ("plaintiff"). Plaintiff requests that this Court reconsider its prior ruling,[2] which precludes David J. Barczyk, D.C. ("Dr. Barczyk"), an expert whom plaintiff intends to call at trial, from testifying as to the medical causation of plaintiff's alleged injuries. Defendants National Interstate Insurance Company, Thompson Carriers, Inc. ("TCI"), and Micah Cunningham ("Cunningham") (collectively, "defendants") filed a response in opposition.[3] For the reasons set forth below, the Court denies the motion.

I. BACKGROUND

This case arises from a January 2023 automobile accident.[4] Plaintiff retained Dr. Barczyk as an expert in biomechanics and chiropractic medicine.[5] Defendants

---

[1] R. Doc. No. 53.
[2] R. Doc. No. 37.
[3] R. Doc. No 54.
[4] R. Doc. No. 1-4, ¶ 4.
[5] R. Doc. No. 33, at 2.

filed a motion *in limine* to exclude the entirety of Dr. Barczyk's testimony.[6] The Court granted defendants' motion in part and denied it in part.[7]

As to Dr. Barczyk's qualifications, the Court found that Dr. Barczyk is qualified to opine on the cause of plaintiff's musculoskeletal injuries on account of his chiropractic expertise.[8] However, the Court also found that Dr. Barczyk is not qualified on that basis to opine on the cause of plaintiff's alleged brain injury.[9] Even though the Court found that Dr. Barczyk is qualified to opine on the medical causation of plaintiff's musculoskeletal injuries, the Court nonetheless excluded his testimony as to the same. The Court found that Dr. Barczyk's testimony with respect to medical causation would be inadmissible because it would not reflect a reliable application of methodology to the facts of this case.[10] *See* Fed. R. Evid. 702(d).

With respect to Dr. Barczyk's expertise in biomechanics, the Court found that Dr. Barczyk is qualified to opine on the effects of the force that the accident generated on a hypothetical human body.[11] But Dr. Barczyk is not qualified to opine on the medical causes of plaintiff's injuries on the basis of his biomechanical expertise.[12]

In her motion for reconsideration, plaintiff first argues that Dr. Barczyk's testimony would reflect a reliable application of methodology.[13] She asserts that Dr.

---

[6] R. Doc. No. 32.
[7] R. Doc. No. 37.
[8] *Id.* at 14.
[9] *Id.*
[10] *Id.* at 16.
[11] *Id.* at 15.
[12] *Id.*
[13] R. Doc. No. 53-1, at 1–3.

2

Barczyk's expertise in biomechanics would bolster the helpfulness of his testimony as to medical causation.[14] Second, plaintiff argues that Dr. Barczyk is qualified to opine on the medical causation of plaintiff's alleged traumatic brain injury.[15]

## II. STANDARD OF LAW

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which allows a court to "revise[ ] at any time" "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Rule 54(b) allows a court "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Michael Hingle & Assocs., LLC v. Westchester Surplus Lines Ins. Co.*, No. CV 22-2802, 2024 WL 1217211, at *2 (E.D. La. Mar. 21, 2024) (Ashe, J.) (citing *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (holding that a district court was not required to reconsider a partial summary judgment because, "[o]therwise, the cycle of reconsideration would be never-ending")).

---

[14] *Id.* at 4.
[15] *Id.* at 7–8.

3

## III. ANALYSIS

Having reviewed plaintiff's motion and defendants' opposition, the Court does not find that plaintiff has provided a sufficient basis for the Court to revise its prior ruling. It is plaintiff's burden to demonstrate the admissibility of Dr. Barczyk's expert testimony. *See Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016) ("The proponent of expert testimony bears the burden of establishing its admissibility."). Plaintiff's submissions in the instant motion do not satisfy this burden.

With respect to whether Dr. Barczyk reliably applied his methodology, plaintiff has still failed to establish that Dr. Barczyk has done so. Plaintiff explains that "[f]ollowing the completion of the physical examination and examination of the medical history of [plaintiff], Dr. Barczyk was in position to render a reliable opinion regarding causation."[16] Plaintiff then states that "Dr. Barczyk was able to eliminate previous and alternative causes of [plaintiff]'s condition."[17]

Plaintiff's argument misses the point. Whether Dr. Barczyk was in a position to offer reliable testimony does not establish that he reliably applied his methodology to the facts of this case. And, even if he had done so, his report fails to demonstrate as much. For example, Dr. Barczyk's report states that "[his] methodology includes the elimination of alternative causes for [plaintiff]'s condition," which "involves evaluating the previous medical history, previous and subsequent traumatic events, as well as considering the probability of spontaneous onset of the physical signs and

---

[16] R. Doc. No. 53-1, at 3.
[17] Id.

symptoms."[18] However, at no place in his report does Dr. Barczyk demonstrate how or why he was able to eliminate alternative causes. The Court is thus left with plaintiff's and Dr. Barczyk's own assurances that Dr. Barczyk reliably applied his methodology. These subjective assurances do not establish admissibility. *Cf. Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) ("The expert's assurances that he has utilized generally accepted scientific methodology is insufficient.").

With respect to Dr. Barczyk's qualifications to opine on the medical causation of plaintiff's alleged traumatic brain injury, plaintiff's arguments for reconsideration are likewise unavailing. Plaintiff restates Dr. Barczyk's qualifications,[19] which the Court has already found to be insufficient. Plaintiff further states that Dr. Barczyk has performed research, testing, and clinical practice with respect to brain injuries.[20] But she cites no examples of Dr. Barczyk's publications, research, or clinical experience.[21] Accordingly, there is no basis to revise the Court's prior ruling in this regard.

However, the Court does clarify that, given Dr. Barczyk's expertise in biomechanics, Dr. Barczyk is qualified to "testify as to the amount of force he believes was generated by the subject collision and the observed effect of such force on a *hypothetical* human body in a comparable accident." *See Ikerd v. Berkshire Hathaway*

---

[18] *See* R. Doc. No. 53-2, at 7.
[19] See R. Doc. No. 53-1, at 7.
[20] *Id.*
[21] *See id.*

5

*Homestate Ins. Co.*, No. 23-cv-1330, 2023 WL 8282011, at *3 (E.D. La. Nov. 30, 2023) (Africk, J.) (cleaned up).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for reconsideration **is DENIED.**

New Orleans, Louisiana, June 11, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**